IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE TRAVELERS INDEMNITY COMPANY, as Subrogee of Georgetown University<br>One Town Square<br>Hartford, Connecticut 06183<br><br>and<br><br>PRESIDENT AND DIRECTORS OF GEORGETOWN COLLEGE d/b/a GEORGETOWN UNIVERSITY<br>3700 O Street NW<br>Washington, DC 20057<br><br>           Plaintiffs,<br><br>vs.<br><br>HITT CONTRACTING INC.<br>2900 Fairview Park Drive<br>Falls Church, Virginia 22042<br><br>PROSYS, INC.<br>5210 Eastern Avenue<br>John Hopkins Bayview Research<br>Baltimore, MD 21224<br><br>A. MORTON THOMAS & ASSOCIATES, INC.<br>800 King Farm Boulevard, Suite 400<br>Rockville, MD 20850<br><br>ROLYN COMPANIES, INC.<br>5706 Frederick Avenue<br>Rockville, Maryland 20852<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: _____<br><br>(JURY TRIAL DEMANDED) |

## COMPLAINT

Plaintiffs The Travelers Indemnity Company and President and Directors of Georgetown College d/b/a Georgetown University, by their counsel, file this Complaint and Demand for Jury Trial against Defendants HITT Contracting Inc., Prosys, Inc., A. Morton Thomas & Associates, Inc., and Rolyn Companies, Inc.

## THE PARTIES

1.      Plaintiff The Travelers Indemnity Company ("Travelers") is a Connecticut corporation with its principal place of business located at One Town Square, Hartford, Connecticut.  Travelers is in the business of writing property and casualty insurance coverage, including water loss coverage, and is duly licensed and authorized to do business in the District of Columbia.

2.      Plaintiff President and Directors of Georgetown College d/b/a Georgetown University ("Georgetown University") is a Congressionally-charted institute of higher learning, having its principal place of business at 37th & O Streets, N.W., Washington, D.C. 20057, within this judicial District.  The University is a citizen of the District of Columbia.

3.      At all times relevant hereto, Travelers provided property insurance coverage to Georgetown University against loss from certain perils and causing certain damages to Georgetown University's real and personal property and business interests, and under which said insurance was in full force and effect.

4.      Defendant HITT Contracting Inc. ("HITT Contracting") is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located at 2900 Fairview Park Drive, Falls Church, Virginia 22042.  At all relevant times hereto, HITT Contracting was engaged in the business of, among other things, general

2

contracting.  HITT Contracting may be served with process by serving its registered agent at: National Registered Agents, Inc., 4701 Cox Road, Suite 285, Glen Allen, VA  23060.

5.      Defendant ProSys, Inc. ("ProSys") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 5210 Eastern Avenue, Johns Hopkins Bayview Research, Baltimore, MD 21224.  At all relevant times hereto, ProSys was engaged in the business of, among other things, construction project and facilities management services.  ProSys may be served with process by serving its registered agent at: Ned T. Himmelrich, 233 E. Redwood Street, Baltimore, Maryland 21202.

6.      Defendant A. Morton Thomas & Associates, Inc. ("AMT") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 800 King Farm Boulevard, Suite 400, Rockville, MD 20850.  At all relevant times hereto, AMT was engaged in the business of, among other things, storm water management and water quality solutions.  AMT may be served with process by serving its registered agent at: Richard Khalil, 800 King Farm Boulevard, Suite 400, Rockville, Maryland 20850.

7.      Defendant Rolyn Companies, Inc. ("Rolyn") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 5706 Frederick Avenue, Rockville, Maryland 20852.  At all relevant times hereto, Rolyn was engaged in the business of, among other things, disaster restoration and remediation services. Rolyn may be served with process by serving its registered agent at: Todd P. Forster, Esquire, Suite 110, 401 North Washington Street, Rockville, Maryland 20850.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states in that the citizenship of plaintiffs are completely diverse from the citizenships of the defendants.

9.     Venue is appropriate in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1391(a)(2), in that a substantial part of the events and acts and omissions causing the loss which is the subject of this action occurred in the District of Columbia.

## FACTUAL ALLEGATIONS

10.     At all relevant times, MedStar-Georgetown Medical Center ("MGMC") owned, operated and maintained the Georgetown University Hospital ("Hospital") on premises leased to MGMC by Georgetown University at 3800 Reservoir Road, NW, Washington, DC.  At all relevant times, Georgetown University sublet from MGMC certain portions of the Hospital to operate the Lombardi Cancer Center ("Lower S Level").

11.     Prior to June 1, 2012 MGMC retained HITT Contracting to coordinate and perform storm drain remediation work at and around the Hospital for a project known as the Lombardi Storm Drain Project, GUH South Campus ("Lombardi Storm Drain Project").

12.     Prior to June 1, 2012 MGMC retained ProSys to provide construction management and oversight services in conjunction with the Lombardi Storm Drain Project.

13.     Prior to June 1, 2012 MGMC retained AMT to provide storm water management services in conjunction with the Lombardi Storm Drain Project.

14.    Prior to July 10, 2012 MGMC retained Rolyn to provide remediation and restoration services in conjunction with the Lombardi Storm Drain Project.

15.    As part of the storm drain project, HITT Contracting capped drains in the back of the Hospital building at the low point of the drainage system.

16.    As part of the Lombardi Storm Drain Project, ProSys oversaw, authorized and coordinated the capping of drains in the back of the Hospital building at the low point of the drainage system.   ProSys oversaw, authorized and coordinated the installation of pumps to capture anticipated surface water runoff.

17.    As part of the Lombardi Storm Drain Project, AMT provided storm water design and management services, which included overseeing, authorizing and coordinating the capping of drains in the back of the Hospital building at the low point of the drainage system.  AMT designed the remediation of the storm water drainage system and oversaw, authorized and coordinated the use and installation of pumps to capture any excess flooding issues.

18.    On June 1, 2012 during a rain storm, defendants HITT Contracting, ProSys and AMT failed to plan for and prevent foreseeable surface water runoff from flooding into the Lower S Level of the Lombardi Center.

19.    As a result of the flooding into the Lower S level of the Lombardi Center, Georgetown University sustained substantial damages to its real and personal property and business income losses and extra expenses, without any negligence of the plaintiff contributing thereto.

20.    On July 10, 2012 there was another rain storm.  The pumps chosen, authorized, maintained and/or installed by defendants HITT Contracting, Prosys, AMT and Rolyn to control the foreseeable surface water runoff failed and were otherwise unable to respond and contain the

surface water runoff from again flooding the Lower S Level of Lombardi Center causing Georgetown University substantial damage to its real and personal property and business income losses and extra expenses.

21.     As a direct and proximate result of the flooding incidents and resultant damages, Travelers paid Georgetown University an amount in excess of $400,000.00.  As a result of its payments, plaintiff Travelers is subrogated to the rights of Georgetown University to recover damages from third persons to the extent of the payments made by Travelers.

22.     As a direct and proximate result of the flooding incidents and resultant damages, Georgetown University sustained uninsured losses of $200,000.00 which represents the total of its deductibles arising from the June 1, 2012 and July 10, 2012 flooding incidents.

23.     The negligent acts and omissions of the Defendants HITT Contracting, ProSys, AMT and Rolyn, their employees, servants and agents, directly and proximately caused the damages sustained by Plaintiffs.

## COUNT I – NEGLIGENCE
## PLAINTIFFS V. HITT CONTRACTING

24.     Plaintiff hereby incorporates and re-alleges paragraphs 1 through 23 as if fully stated herein.

25.     Defendant HITT Contracting had a duty to exercise reasonable care in its contracting work associated with the Lombardi Storm Drainage Project and in its selection and supervision of other persons and contractors engaged to perform the storm drainage project.

26.     Defendant HITT Contracting had a duty to ensure that the means and methods used to respond to anticipated surface water runoff would be adequate and would perform as intended.

27.     As a direct and proximate result of Defendant HITT Contracting's negligence, carelessness and negligent omissions, Plaintiff Georgetown suffered damage to its property, business income losses and extra expenses.   The Defendant's negligence, carelessness and negligent omissions consisted, *inter alia*, of:

       a.    failing to use reasonable care to ensure that the means and methods, including pumps, to control anticipated surface water runoff were adequate;

       b.    failing to use reasonable care to ensure that pumps were chosen and installed to control anticipated surface water runoff performed in a good and workmanlike manner;

       c.    failing to use reasonable care in the supervision of the pumps which were intended to respond to anticipated surface water runoff;

       d.    failing to properly inspect, test, maintain and/or repair the pumps;

       e.    failing to ensure that the Lombardi Center would be safe from an unreasonable risk of flooding during the Lombardi Storm Drainage Project; and

       f.    otherwise failing to exercise reasonable care in way which may be disclosed in discovery.

28.     As a direct and proximate result of Defendant HITT Contracting negligence as aforesaid, Plaintiffs suffered damages as described herein.

WHEREFORE, Plaintiffs demand judgment against Defendant HITT Contracting in an amount in excess of $75,000.00, according to proof, together with interest, attorney's fees, the costs of this action, and such other relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE
## PLAINTIFFS V. PROSYS

29.     Plaintiff hereby incorporates and re - alleges paragraphs 1 through 23 as if fully stated herein.

30.     Defendant Prosys, Inc. had a duty to exercise reasonable care in its project management work in conjunction with the Lombardi Storm Drainage Project and in its selection and supervision of other persons and contractors engaged to perform the storm drainage project.

31.     Defendant Prosys, Inc. had a duty to ensure that the means and methods, including pumps, used to respond to anticipated surface water runoff would be adequate and would perform as intended.

32.     As a direct and proximate result of Defendant Prosys, Inc.'s negligence, carelessness and negligent omissions, Plaintiff Georgetown suffered damage to its property, business income losses and extra expenses.   The Defendant's negligence, carelessness and negligent omissions consisted, *inter alia*, of:

> a.     failing to use reasonable care to ensure that the means and methods, including pumps, were proper for the anticipated surface water runoff and performed in a good and workmanlike manner;
>
> b.     failing to use reasonable care in the supervision of the pumps which were intended to respond to anticipated surface water runoff;
>
> c.     failing to properly inspect, test, maintain and/or repair the pumps;
>
> d.     failing to ensure that the Lombardi Center would be safe from an unreasonable risk of flooding during the storm drainage project; and
>
> e.     otherwise failing to exercise reasonable care in way which may be disclosed in discovery.

33.     As a direct and proximate result of Defendant Prosys, Inc.'s negligence as aforesaid, Plaintiffs suffered damages as described herein.

WHEREFORE, Plaintiffs demand judgment against Defendant Prosys, Inc. in an amount in excess of $75,000.00, according to proof, together with interest, attorney's fees, the costs of this action, and such other relief as this Court deems just and proper.

## COUNT III – NEGLIGENCE
## PLAINTIFFS V. AMT

34.     Plaintiff hereby incorporates and re-alleges paragraphs 1 through 23 as if fully stated herein.

35.     Defendant AMT had a duty to exercise reasonable care in its storm water management services associated with the Lombardi Storm Drainage Project.

36.     Defendant AMT had a duty to ensure that the storm water system, including pumps used to respond to anticipated surface water runoff, would be adequate and would perform as intended.

37.     As a direct and proximate result of AMT's negligence, carelessness and negligent omissions, Plaintiff Georgetown suffered damage to its property, business income losses and extra expenses.  The Defendant's negligence, carelessness and negligent omissions consisted, *inter alia*, of:

   a.     failing to use reasonable care to ensure that the means and methods, including pumps, were proper for the anticipated surface water runoff and performed in a good and workmanlike manner;

   b.     failing to use reasonable care in the design of the remediation of the storm water system to respond to anticipated surface water runoff;

   c.     failing to properly inspect, test, maintain and/or repair the pumps;

   d.     failing to ensure that the Lombardi Center would be safe from an unreasonable risk of flooding during the storm drainage project; and

   e.     otherwise failing to exercise reasonable care in way which may be disclosed in discovery.

38.     As a direct and proximate result of Defendant AMT's negligence as aforesaid, Plaintiffs suffered damages as described herein.

WHEREFORE, Plaintiffs demand judgment against Defendant AMT in an amount in excess of $75,000.00, according to proof, together with interest, attorney's fees, the costs of this action, and such other relief as this Court deems just and proper.

**COUNT IV – NEGLIGENCE**
**PLAINTIFFS V. ROLYN**

39.     Plaintiffs hereby incorporate and re-allege paragraphs 1 through 23 as if fully stated herein.

40.     Prior to July 10, 2012 Rolyn was retained to monitor the pumps that had been installed to contain and control anticipated surface water runoff during the Lombardi Storm Drain Project.

41.     Defendant Rolyn had a duty to exercise reasonable care in monitoring the pumps associated with the Lombardi Storm Drainage Project.

42.     Defendant Rolyn breached its duty by allowing the pumps to fail or otherwise become inoperable during the Lombardi Storm Drain Project which allowed anticipated surface water runoff to enter the Lombardi Cancer Center.

43.     As a direct and proximate result of Rolyn's negligence, carelessness and negligent omissions, Plaintiffs suffered damages to their property, business income losses and extra expenses.  The Defendant's negligence, carelessness and negligent omissions consisted, *inter alia*, of:

a.      failing to use reasonable care to ensure that the pumps performed in a good and workmanlike manner;

b.      failing to properly inspect, test, maintain and/or repair the pumps;

c.      failing to ensure that the Lombardi Center would be safe from an unreasonable risk of flooding during the storm drainage project; and

d.      otherwise failing to exercise reasonable care in way which may be disclosed in discovery.

44.     As a direct and proximate result of Defendant Rolyn's negligence as aforesaid, Plaintiffs suffered damages as described herein.

WHEREFORE, Plaintiffs demand judgment against Defendant Rolyn in an amount in excess of $75,000.00, according to proof, together with interest, attorney's fees, the costs of this action, and such other relief as this Court deems just and proper

This the 20th day of April, 2015.

Respectfully submitted,

ANDERSON & QUINN, LLC

/s/ John A. Rego
John A. Rego, Esquire
The Adams Law Center
25 Wood Lane
Rockville, MD 20850
Phone:  301-762-3303
Fax: 301-762-3776
Email: jrego@andersonquinn.com

*Counsel for Plaintiff*

OF COUNSEL:

Albert S. Nalibotsky, Esquire
QUICK, WIDIS & NALIBOTSKY, PLLC
2115 Rexford Road, Suite 100
Charlotte, NC 28211
Phone: 704-364-2500
Fax: 704-365-8734
Email: analibotsky@qwn.com